Dear Mr. Walsworth:
Our office has received your request for an Attorney General opinion for the following question:
 In Opinion No. 99-18, you interpreted the applicability of R.S. 40:1742(B) and R.S. 46:2583 (A)(1) to local ordinances and concluded that these provisions were express preemptions of any contrary local ordinance. I am writing to ask your opinion on whether such preemptions still apply in light of the changes made to these statutes by Act No. 1307 of the 1999 Regular Session of the Louisiana Legislature.
Act No. 508 in the 2001 Regular Session of the Legislature clarifies prior legislation by adding a subsection (C) to La.R.S. 40:1742, reading as follows:
 C. Subsection B of this Section shall not be construed to affect or preempt any ordinance of any local governmental subdivision or to prohibit any local governmental subdivision of the state from adopting ordinances regulating mobility-impaired parking which ordinances may provide for penalties and enforcement as deemed appropriate by the local governing authority. The governing authorities of local governmental subdivisions may adopt such ordinances pursuant to R.S. 32:41 or 42, R.S. 33:1236(28), any applicable provisions of a home rule charter, or any other applicable provision of law. Except as provided in R.S. 46:2583(A)(2), the provisions of local ordinances shall control in all aspects of enforcement of such ordinances.
La.R.S. 40:1742(A) contains a legislative mandate regarding the creation of sufficient parking spaces for mobility-impaired individuals by all state agencies and local governmental bodies, as well governmental and public facilities, having jurisdiction over street parking. La.R.S.40:1742(B) creates a general state-wide mechanism for enforcement of this mandate, including provisions for towing of offender vehicles and fines.
Under the plain language of the new subsection (C), nothing in La.R.S.40:1742(B) shall be construed to affect or preempt any local governmental ordinance enacted to implement the legislative mandate of La.R.S.40:1742(A). The new subsection clearly reflects a legislative intent to allow local governmental bodies the discretion to adopt whatever enforcement mechanism such bodies may deem appropriate in enforcing such local ordinances, regardless of the specifications of La.R.S. 40:1742(B). The only exception to this directive is the additional $25.00 fee imposed by La.R.S. 46:2583(A)(2), which cannot be waived or deleted by local governmental bodies.
I hope this enclosed opinion sufficiently answers your inquiry. If I may be of further assistance, please do not hesitate to contact our office. With warmest regards, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ PAUL LEBLANC Assistant Attorney General